UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWN OF KEARNY, <br><br> Plaintiff, <br><br> ACE DRAYAGE NYC, et al. <br><br> Defendants. | Civil Action No. 23-212 (SDW) (CLW) <br><br> REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey. (ECF No. 5). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter; and for good cause shown; and

**WHEREAS** in this case, Plaintiff Town of Kearny seeks injunctions and other relief regarding Defendants' alleged violations of ordinances related to the use of storage containers on the respective properties. (*Generally* Verified Complaint, ECF No. 1-1); and

**WHEREAS** Plaintiff commenced this matter on or about December 14, 2022, by filing a Verified Complaint and seeking the entry of an order to show cause in the Superior Court of New Jersey. (Notice of Removal ¶¶ 1-2, ECF No. 1). Counsel for Defendants Ace Drayage NYC, Adams & Second Street, LLC, Roadrunner Towing and Truck Service, Sarcona Management, Inc., and Skyway Truck Parts, Inc. (collectively the "Ace Defendants") accepted service of the Verified Complaint and order to show cause on December 16, 2022. (*Id.* ¶ 2); and

**WHEREAS** the Ace Defendants removed the case to the United States District Court for the District of New Jersey on January 17, 2023, pursuant to 28 U.S.C. § 1441(a). (*Id.* ¶ 11). In

their Notice of Removal, the Ace Defendants argued, among other things, that Plaintiff's claims regarding the ordinances in question were "governed exclusively by federal law, namely the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101 et seq.", (*id.* ¶ 3), and that the District Court therefore had subject matter jurisdiction over the case pursuant to both 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1337(a) ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . ."); (*id.* ¶¶ 5-8, 10); and

**WHEREAS** Plaintiff filed a motion to remand on February 16, 2023, (ECF No. 5), arguing: (1) that the Ace Defendants' removal was procedurally deficient; and (2) that the Court lacks subject matter jurisdiction as the Interstate Commerce Commission Termination Act is inapplicable to Plaintiff's claims. (*Generally* Pl. Br., ECF No. 5-1.). Plaintiff's motion is now fully briefed. (Opp. Br., ECF No. 7; Pl. Reply, ECF No. 8); and

**WHEREAS** in its primary argument for remand, Plaintiff argues that the Ace Defendants failed to satisfy the "rule of unanimity" set forth in 28 U.S.C. § 1446(b)(2)(A), which provides: "When a civil action is removed solely under [28 U.S.C. § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action." As the District Court has explained, "'unless an exception applies, the rule of unanimity requires that all defendants join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper.'" *Otero v. CVS Pharmacy Inc.,* No. 19-cv-15798 (SDW) (LDW), 2020 U.S. Dist. LEXIS 10851, at *5 (D.N.J. Jan. 21, 2020) (quoting *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012)) (emphasis in original). "'While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of

2

unambiguous written evidence of consent to the court in timely fashion.'" *Id.* (quoting *Bayview Loan Servicing LLC v. Farzan*, No. 17-cv-1796, 2017 U.S. Dist. LEXIS 182364, 2017 WL 5047900, at *6 (D.N.J. Nov. 3, 2017)); and

**WHEREAS** Courts recognize three exceptions to the rule of unanimity: "(1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a nonresident defendant has not been served at the time of removal." *Ocwen Loan Servicing LLC v. Masino*, No. 15-cv-8699 (CCC), 2016 U.S. Dist. LEXIS 111879, at *6 (D.N.J. Aug. 22, 2016) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)); *accord Pelle v. Dial Indus. Sales*, No. 18-cv-12824 (RMB), 2019 U.S. Dist. LEXIS 59997, at *3 (D.N.J. Apr. 8, 2019); and

**WHEREAS** in addition to the Ace Defendants, Plaintiff has also asserted claims against Terreno 48 3rd Street LLC in this matter. (*Generally* Verified Compl., ECF No. 1-1). Defendant Terreno did not join in the Notice of Removal or consent to removal. (*Generally* Notice of Removal, ECF No. 1). Rather, Defendant Terreno, which "is the landlord of one of the properties subject to this litigation", has explicitly advised that it "takes no position on either the Notice of Removal or Motion for Remand." (Terreno March 6, 2023 Letter, ECF No. 6). The Ace Defendants argue, without citation, that, by not opposing removal, Terreno has effectively consented to removal via its "acquiescence." This Court disagrees. 28 U.S.C. § 1446(b)(2)(A) requires affirmative consent or joinder, and a mere lack of opposition or other "acquiescence" is insufficient. *James v. Wells Fargo Bank, N.A.*, No. 18-cv-8984 (BRM), 2018 U.S. Dist. LEXIS 212351, at *5-6 (D.N.J. Dec. 17, 2018)). Further, the Ace Defendants do not suggest that any of the exceptions to the rule of unanimity apply here. (*Generally* Opp. Br., ECF No. 7); and

**WHEREAS** the Court will assume, without deciding, and for the purpose of this motion only, that federal law preempts the Kearny ordinances at issue in the Verified Complaint, and that the District Court would therefore have subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331; and

**WHEREAS** suggesting that the consent/joinder requirements of 28 U.S.C. § 1446(b)(2)(A) are inapplicable in this case, the Ace Defendants summarily argue that "[t]he Federal District Courts have original, *exclusive*, subject matter jurisdiction over matters involving the Federal Aviation Administration Authorization Act of 1994 [1] . . . as raised in Point III of [their brief]."  (Def. Br. at 2, ECF No. 7) (emphasis added).  Point III of that brief, however, focuses on the Ace Defendants' argument that federal preemption creates subject matter jurisdiction under 28 U.S.C. § 1331, and does not include an argument regarding the District Court's *exclusive* jurisdiction over such claims.  (*Id.* at 10-13).  The Court finds that the Ace Defendants have therefore waived any such argument; and

**WHEREAS** because the Ace Defendants removed this matter solely under 28 U.S.C. § 1441(a), they were required to satisfy the rule of unanimity.  The Court finds that they failed to do so, and that the District Court should therefore remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447; and

**WHEREAS** the Court finds that, as the Ace Defendants articulated a colorable argument for removal, an award of fees would be inappropriate under 28 U.S.C. § 1447(c);

---

[1] The Court further notes that the Ace Defendants first mentioned the Federal Aviation Administration Authorization Act of 1994 when opposing Plaintiff's motion to remand.  The Ace Defendants did not raise that statute as a basis for subject matter jurisdiction in their Notice of Removal.  (*Generally* Notice of Removal, ECF No. 1).  Nor did they seek leave to timely amend their Notice of Removal to include it.

**IT IS** on this 26th day of July, 2023,

**RECOMMENDED** that the District Court **GRANT** Plaintiff's motion to remand **IN PART**. (ECF No. 5); and it is further

**RECOMMENDED** that the District Court remand this matter to the Superior Court of New Jersey; and it is further

**RECOMMENDED** that the District Court **DENY** Plaintiff's application for an order requiring the Ace Defendants to pay for the costs of litigating the motion to remand.

**s/ Cathy L. Waldor**
**Hon. Cathy L. Waldor, U.S.M.J.**